**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 122829

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicole Craine, | |
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| Evie Media Group, Inc., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Nicole Craine ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Evie Media Group, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as

www.eviemagazine.com (the "*Website*").

4. Defendant owns and operates a social media account with the name of "eviemagazine" on Instagram (the "*Account*")

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website as well as on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Nicole Craine is an individual who is a citizen of the State of New York and maintains a principal place of business at 120 Thames Street, Unit 304, Brooklyn, in New York City, New York.

7. Upon information and belief, Defendant Evie Media Group, Inc., is a California Corporation with a principal place of business at 1968 S Coast Hwy., Laguna Beach in Orange County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Evie Media Group, Inc. because it maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Evie Media Group, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building

Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. Upon information and belief, Evie Media Group, Inc. is the registered owner of the Website and is responsible for its content.

16. Upon information and belief, Evie Media Group, Inc. is the operator of the Website and is responsible for its content.

17. The Website is a popular and lucrative commercial enterprise.

18. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

19. The Website is monetized in that it provides services to the public and, upon information and belief, Defendant profits from these activities.

20. The Account is associated with Defendant.

21. Upon information and belief, Defendant has exclusive access to post content on Defendant's Account.

22. Defendant uses the Account to promote its business interests.

23. On April 30, 2020, Plaintiff Nicole Craine authored a photograph of Marisol Nichols ("Photograph 1"). A copy of Photograph 1 is attached hereto in Exhibit 1.

24. Plaintiff applied to the USCO to register Photograph 1 on or about July 27, 2020 under Application No. 1-9064202371.

25. Photograph 1 was registered by the USCO on July 27, 2020 under Registration No. VA 2-212-503.

26. On July 20, 2020, Plaintiff observed Photograph 1 on the Website in

a story dated May 18, 2020. A copy of the screengrab of the Website including Photograph 1 is attached hereto collectively as Exhibit 2 as Infringement No. 1.

27. The Photograph was displayed at URL: https://www.eviemagazine.com/post/riverdales-marisol-nicholds-goes-undercover-to-catch-child-sexual-predators/.

28. The Photograph was stored at URL: https://images.ctfassets.net/ydv6sq0kb5bw/hvjdoC2icOWVOYBszPxBW/ec484a98f717aa3a4c1246e0715e8906/marisol_nichols_sting_op_marie_claire_nicole_craine.jpg.

29. Plaintiff further observed Photograph 1 on the Account.

30. A copy of the Photograph was stored and displayed on Defendant's Instagram Account at www.instagram.com at the following URL: https://www.instagram.com/p/CAV2f6bATaH/. A copy of the screengrab of the Account including Photograph 1 is attached hereto collectively as Exhibit 2 as Infringement No. 3.

31. On April 30, 2020, Plaintiff Nicole Craine authored a photograph of Marisol Nichols ("Photograph 2"). A copy of Photograph 2 is attached hereto as Photograph No. 2 in Exhibit 1.

32. Plaintiff applied to the USCO to register Photograph 2 on or about July 27, 2020 under Application No. 1-9064202371.

33. Photograph 2 was registered by the USCO on July 27, 2020 under Registration No. VA 2-212-503.

34. On July 20, 2020, Plaintiff observed Photograph 2 on the Website in a story dated May 18, 2020. A copy of the screengrab of the Website including Photograph 2 is attached in Exhibit 2 as Infringement No. 2.

35. The Photograph was displayed at URL: https://www.eviemagazine.com/post/riverdales-marisol-nicholds-goes-

undercover-to-catch-child-sexual-predators/.

36. The Photograph was stored at URL: https://images.ctfassets.net/ydv6sq0kb5bw/7dHgruhSHUCBqdFR1COq0X/f05bfff8638fe917c1a6af1027876852/marisol_nichols_sting_op_in_motel_marie_claire_nicole_craine.jpg.

37. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Website.

38. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Photography 1 on the Account.

39. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

40. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

41. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website, and on the Account.

42. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website as well as on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

43. Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Meghan Dillon whose Website describes her as a Writer ("Employees").

44. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

45. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

46. Upon information and belief, the Photographs were willfully and volitionally posted to the Website and the Account by Defendant.

47. Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

48. Upon information and belief, the Infringements were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

49. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

50. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website and on its Account.

51. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website as well as on its Account and exercised and/or had the right and ability to exercise such right.

52. Upon information and belief, Defendant monitors the content on its Website and Account.

53. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

54. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising and/or service revenues.

55. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website and Account.

56. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

57. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

58. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

59. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

61. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

62. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

63. Defendant's reproduction of the Photographs and display of the Photographs on the Website and on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

64. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

65. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Integrity of Copyright Management Information 17 U.S.C. § 1202)*

67. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

68. Upon information and belief, Defendants knew that Plaintiff created and held rights to the Photographs because, *inter alia*, the source of the Photographs that Defendant used to make its infringing copy specifically attributed the Photographs to Plaintiff by watermark or photo credit.

69. Upon information and belief, in its article on the Website, Defendant copied Photograph 2 from

https://www.marieclaire.com/culture/a32320089/marisol-nichols-undercover-child-predator-sting/ which contained a photograph credit below the image stating "Nicole Craine," the owner and author of Photograph 2.

70. The photograph credit is copyright management information.

71. A copy of the screengrab of the website of first publication including Photograph 2 is attached hereto as Exhibit 3.

72. Upon information and belief, Defendant intentionally removed copyright management information related to Photograph 2 with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to include the photo credit originally conveyed with Photograph 2 in order to mislead the public into believing that Defendant either owned the image or had legitimately licensed it for use in the Infringements. Upon information and belief, in addition to removing the photo credit, Defendant also removed the metadata from Photograph 2.

73. In addition, upon information and belief, Defendant displayed the unauthorized copies of Photograph 2 knowing the copyright management information had been removed.

74. Defendant's conduct violates 17 U.S.C. § 1202(a) and 1202(b).

75. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

76. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in Photograph 2. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or

conceal their infringement of Plaintiff's copyright in Photograph 2.

77. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

78. As a result of Defendant's violations of Title 17 of the U.S. Code, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

79. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 1202(b)(4) and (5) from Defendant.

## JURY DEMAND

80. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photographs by copying and displaying without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in

        the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

d.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1202(b)(5);

f.     for pre judgment interest as permitted by law; and

g.     for any other relief the Court deems just and proper.

DATED: September 13, 2021

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 122829
*Attorneys for Plaintiff*